■ In the Matter of NEW YORK CITY DEPARTMENT OF PROBATION et al., Appellants, v MALCOLM MACDONALD, as Chair of the New York City Board of Collective Bargaining, et al., Respondents. [613 NYS2d 378] —Judgment of the Supreme Court,

New York County (Beverly Cohen, J.), entered on or about April 6, 1993, which denied and dismissed the petition seeking to annul Decision No. B-25-92, dated May 19, 1992, issued by respondent New York City Board of Collective Bargaining which found, pursuant to the New York City Collective Bargaining Law, a group grievance filed by respondent United Probation Officers Association alleging that the City had violated the parties' collective bargaining agreement by unilaterally making deductions from the grievants' wages pursuant to the non-resident employee payment provisions of section 1127 of the New York City Charter to be subject to arbitration, and which denied petitioners' application seeking to permanently enjoin the respondent Union from proceeding with the arbitration of that grievance, is unanimously reversed, on the law and facts, the petition reinstated and petitioners' application to annul Decision No. B-25-92 and permanently enjoin the parties from proceeding to arbitration as to the subject grievance granted, without costs or disbursements.

Section 1127 (a) of the City Charter (originally enacted as section 822 in January of 1973) provides that every City employee agree as a condition precedent to employment that if he or she is or becomes a non-resident while employed by the City, he or she will pay to the City an amount equal to the rate of the City personal income tax which would be otherwise due if the employee were still a New York City resident, "[n]otwithstanding the provisions of any local law, rule or regulation to the contrary". The Union asserted that petitioners' "unilateral action" in enforcing the terms of this section violated the parties' collective bargaining agreement and sought arbitration of the dispute. The Board of Collective Bargaining agreed that there was an arbitrable dispute, finding "an arguable relationship" between the subject matter of the grievance and the salary provisions of the collective bargaining agreement. The IAS Court sustained this interpretation and dismissed the petition.

The applicability of New York City Charter § 1127 does not involve the interpretation of any collective bargaining agreement or the asserted violation by the Department of Probation of any of its rules, regulations or policies. Rather, the ultimate dispute and the "central legal question" presented herein concerns the statutory construction of section 1127, and is, therefore, a function for the courts, *not* an arbitrator *(Matter*

*of Webster Cent. School Dist. v Public Empl. Relations Bd.,* 75 NY2d 619, 626). Accordingly, both the Board of Collective Bargaining and the IAS Court erred in finding this dispute arbitrable, and we, therefore, reverse and grant the petition to permanently enjoin such arbitration. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.